## Ward v. Preston, et al.

(Decided April 17, 1919.)

### Appeal from Johnson Circuit Court.

Mortgages—Validity—Want of Consideration—Fraud—Finding—Evidence—Sufficiency.—In an action to enforce a mortgage lien, evidence examined and held insufficient to show want of consideration or to sustain a finding that the mortgage was obtained by fraud.

FOGG & KIRK for appellant.

J. K. WELLS and J. W. WHEELER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On July 31, 1912, Sanford Preston and his wife, Mary Ellen Preston, executed and delivered to S. W. Ward a mortgage on 75 acres of land located on Buffalo creek, in Johnson county, to secure the payment of a note for $400.00, payable one year from date. About a month after the maturity of the note, this suit was brought by Ward against Preston and wife to enforce the mortgage lien. The defendants pleaded in substance that there was no consideration for the mortgage, and that its execution was procured by the fraud of plaintiff and his brother, Jeff Ward. On final hearing, the chancellor sustained the plea of fraud and entered judgment cancelling the mortgage and dismissing the petition. Plaintiff prays an appeal.

According to the evidence for plaintiff, Jeff Ward, who was the son-in-law of Sanford Preston, approached plaintiff for the purpose of procuring a loan of $400.00,

to be used for the purpose of buying cattle. He and Jeff Ward then repaired to the home of Sanford Preston, who agreed to execute a mortgage to secure the loan. Upon the execution of the note and mortgage, Preston and Jeff Ward went to the home of plaintiff, who delivered to Preston and Jeff Ward a mare, nine head of young cattle, two cows and a calf, a sow and three pigs, and $35.00 in money, aggregating $400.00. Preston rode the mare away and drove the cattle home that day. The next morning he returned and got the hogs. The cattle and other stock were taken to Preston's home where they remained for a few weeks, when they were sold to John Butcher, who paid the purchase price to Jeff Ward. Plaintiff never told the defendant that he didn't have the $400.00 with him but would get it when he sold some sheep, but the consideration for the mortgage was the stock. Jeff Ward corroborates plaintiff and claims to have paid Preston his part of the proceeds of the stock. Other witnesses, who were present, claim to have seen Preston driving the stock away. Ashley Ward testified that Preston told him he had mortgaged his farm to plaintiff, and that he and his son-in-law, Jeff Ward, were going to get some money and trade in cattle. This witness also stated that he had sold Preston a bunch of cattle himself. Milton Music says that when Preston came to drive away the hogs, he stated to him that he had mortgaged his farm and thought he would come out all right. Ed Vanhoose, a justice of the peace, testified that Preston had told him that he and his son-in-law, Jeff Ward, were partners trading in cattle.

According to Preston's testimony, he executed the mortgage for the purpose of getting $400.00 to go in partnership in the cattle business with his son. Upon the execution of the mortgage, S. W. Ward jumped up and said he didn't have the money. He further said that he had a drove of sheep over at John Trimble's, and as soon as he could take the sheep off, he would bring the $400.00 back to Preston. Thereupon Preston demanded the return of the mortgage but plaintiff refused to give it back to him. Preston further claims that the cattle and other stock were bought by Jeff Ward, and that he went to S. W. Ward's home merely to assist Jeff in driving the cattle home. He also says that he never received any of the proceeds of the stock. Mrs. Preston testified to the same facts, but admitted on cross-examination that she and her

husband were to have an interest in the profits of the stock. Will Preston testified that S. W. Ward and Jeff Ward came to his father's farm and said they had money to loan him but that the money was not paid when the mortgage was executed. On the contrary, S. W. Ward told his father that he had a drove of sheep and as soon as he sold them he would bring him the money. Linnie Preston, William Preston's wife, also testified to the same facts.

In rebuttal, S. W. Ward and Jeff Ward denied that upon the execution of the mortgage S. W. Ward said he didn't have the money and would bring it to Preston as soon as he disposed of the drove of sheep, or that the mortgage was obtained by fraud.

With respect to what occurred when the mortgage was executed, it is apparent that the evidence is about equiponderant, but viewing the case in the light of the subsequent developments, it seems to us that the evidence is wholly insufficient to sustain the claim of fraud or lack of consideration. Indeed, the charge that S. W. Ward conspired with Jeff Ward to procure the execution of the mortgage is based entirely on suspicion. As a matter of fact, S. W. Ward delivered to Preston $400.00 worth of livestock, and Preston himself helped to drive the stock to his home. Not only so, but Preston admitted to three disinterested witnesses that he had mortgaged his home for the purpose of getting the money to trade in cattle, and that he and his son-in-law were partners in that business. Furthermore, Mrs. Preston testified that she and her husband were to share the profits on the stock. It is therefore manifest that Preston's claim that the mortgage was executed for money and that S. W. Ward failed to deliver it to him is clearly opposed to his own conduct and admission. While it may be true that his son-in-law, Jeff Ward, disposed of the stock without paying Preston his portion of the proceeds, S. W. Ward, who parted with his stock upon the faith of the mortgage, cannot be held responsible for any default upon the part of Jeff Ward. We therefore conclude that the judgment cancelling the mortgage and dismissing the petition was erroneous, and that the mortgage lien should have been enforced.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.